IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02222-REB-BNB

LILBERT BEASLEY, JR.,

Plaintiff,

v.

MR. GRAY 9853, Janitorial Instructor, and
MR. MCLAUGHLIN, Doctor,

Defendants.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the defendants' **Motion to Dismiss** [Doc. #23, filed 3/20/2007] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be dismissed in its entirety.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish

that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff is currently incarcerated by the Colorado Department of Corrections. He filed his Prisoner Complaint on November 6, 2006 [Doc. #3] (the "Complaint"). The Complaint contains the following allegations:

1. On April 3, 2006, the plaintiff was walking down a hallway when he saw defendant Gray, a janitorial custodian instructor, and three prisoners. The plaintiff slipped on the newly stripped floor and landed hard on his back and head. *Complaint*, pp. 4, 5.

2. Mr. Gray told him to lie still for a minute; to take his time getting up; and that the floor was really slick. Id. at p. 4.

3. The plaintiff was escorted to the medical department. Id.

4. The plaintiff told the doctor and nurses that he hit the floor very hard and that his head and lower back were extremely painful. Id. at p. 5. The nurses checked the plaintiff's eyes with a flashlight. Id. Dr. McLaughlin checked the plaintiff's reflexes and examined his back and head. Id.

5. Dr. McLaughlin renewed the plaintiff's medications and told him to do exercises for his back as soon as his back felt better. Id.

6. On April 5, 2006, the plaintiff went to the evening medicine line and told the nurse he needed to see medical personnel because his head was still throbbing. The nurse took his vital

2

signs. Dr. McLaughlin arrived with the plaintiff's chart and asked him how his head was feeling. He examined the plaintiff's eyes with a flashlight. The plaintiff told him it felt like his head was swollen. Dr. McLaughlin told the plaintiff that there was no swelling and that he just had a headache. He also told the plaintiff he would give him some aspirin. Id.

7. On an unspecified date, Dr. McLaughlin stated that he was sending the plaintiff to another doctor to have a test done regarding his head injury. The plaintiff never received an appointment to see another doctor. Id. at p. 3.

8. On an unspecified date, Dr. McLaughlin took the plaintiff off all of his medications. As a result, the plaintiff developed tendinitis in his right foot approximately two weeks later and had to use crutches. The nurse talked to Dr. McLaughlin, and the plaintiff was put back on his medications. Id.

9. Mr. Gray was hired to conduct his class with "great caution and security safety policy." Mr. Gray violated the DOC safety policy. Id. at p. 4.

10. The defendants denied the plaintiff access to grievances. Id. The plaintiff states that he "protected [Claim One] with evidence from responses of my grievance steps process." Id. (emphasis in original).

Liberally construed, the Complaint asserts three claims for relief. Claim One alleges that the defendants denied the plaintiff access to grievances in violation of his First Amendment rights. Claim One further alleges that Mr. Gray violated DOC policy.[1] Claim Two alleges that the

---

[1]The Complaint is not a model of clarity. The caption of Claim One asserts only a violation of the plaintiff's First Amendment rights. However, the plaintiff states within the text of Claim One that Mr. Gray violated a DOC safety policy. It is unclear from the allegations of the Complaint whether the plaintiff is asserting a claim against Mr. Gray based on the safety issue. Indeed, the defendants do not address it as a claim for relief. In his response to the Motion,

3

defendants violated his Eighth Amendment rights by not properly tending to his medical needs.[2]

The plaintiff does not seek any relief. Id. at p. 8.

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Claim One: Violation of First Amendment Rights

Claim One alleges that the defendants denied the plaintiff access to grievances in violation of his First Amendment rights. *Complaint*, p. 5 (caption of Claim One). The right of access to the courts is a fundamental constitutional right. Bounds v. Smith, 430 U.S. 817, 828 (1977). The filing of an administrative grievance is protected under the First Amendment. Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991).

An inmate alleging denial of access to the courts must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 349 (1996). To establish actual injury, the inmate must show that "the

---

however, the plaintiff states that Mr. Gray was deliberately indifferent to his safety. *Response to Motion to Dismiss Filed By Defendants* [Doc. #27] (the "Response"), pp. 4-5. Out of an abundance of caution, I construe Claim One to assert an Eighth Amendment claim against Gray regarding the safety issue.

[2]To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

4

denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim." Id. at 356. Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing Lewis, 518 U.S. at 351). The plaintiff does not allege an actual injury resulting from the refusal to submit his grievance.

In addition, an individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The plaintiff asserts that "[t]here is a refusal to answer my Step II Grievance." *Complaint*, p. 3. He does not allege any facts from which to infer that either defendant denied him access to grievances. To the contrary, the Step II grievance is attached to the Complaint, and it shows that it was denied by Doug Roberts on procedural grounds. Id. at p. 12.

I respectfully RECOMMEND that the Motion be GRANTED with respect to the allegations of Claim One regarding a violation of the plaintiff's First Amendment rights.

### B. Claim One: Violation of Eighth Amendment Rights

Claim One also alleges that Mr. Gray violated a DOC safety policy. Because this action is brought pursuant to 42 U.S.C. § 1983, and because the plaintiff is challenging conditions of his confinement, I construe this claim as asserted under the Eighth Amendment. See Farmer v.

Brennan, 511 U.S. 825, 832 (1994) (stating that the Eighth Amendment prohibition of cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care).

Facility standards are not determinative of the constitutional requirements regarding conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 543 n. 26 (1979). Therefore, violation of a DOC policy is not a *per se* violation of the Eighth Amendment. In Flandro v. Salt Lake County Jail, 53 Fed.Appx. 499, 500 (10th Cir. December 3, 2002), the Tenth Circuit Court of Appeals stated the standard for an Eighth Amendment claim as follows:

> The correct standard for an Eighth Amendment conditions-of-confinement claim requires a knowing disregard of "excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir.2001). Furthermore, the condition must deprive the inmate of "the minimal civilized measure of life's necessities" and the official involved must have a "sufficiently culpable state of mind" amounting to "deliberate indifference" to a "substantial risk of serious harm to an inmate." Barney v. Pulsipher, 143 F.3d same, 1310 (10th Cir.1998) (internal quotations omitted).

The facts of the Flandro case are very similar to the facts here. Flandro, an inmate at the Salt Lake County Jail, filed an action pursuant to section 1983 claiming that his slip and fall on a soapy shower floor violated his Eight Amendment right to be free from cruel and unusual punishment. The circuit court affirmed the district court's dismissal of the case:

> Slippery shower floors constitute a daily risk faced by the public at large. Cases from other jurisdictions have held that slippery floors do not violate the Eighth Amendment. See, e.g., LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment") (quoting Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir.1989)); Denz v. Clearfield County, 712 F.Supp. 65, 66

> (W.D.Pa.1989) (slippery cell from humidity); Robinson v. Cuyler, 511 F.Supp. 161, 163 (E.D.Pa.1981) (slippery kitchen floor); Tunstall v. Rowe, 478 F.Supp. 87, 89 (N.D.Ill.1979) (greasy stairway); Snyder v. Blankenship, 473 F.Supp. 1208, 1212 (W.D.Va.1979) (pool of soapy water from leaking dishwasher). Mr. Flandro seeks to meet the excessive risk or substantial risk standard on a result-oriented basis, that is, he has alleged a serious injury so he maintains the condition must be serious. However, a serious injury by itself does not necessarily render a condition excessively or even substantially risky. Because a soapy shower floor does not constitute an excessive or substantial risk nor deprive an inmate of the minimal civilized measure of life's necessities, we agree with the district court that Mr. Flandro has failed to state a constitutional claim.

Id. at 500-501.

Like Mr. Flandro, the plaintiff has failed to allege an excessive or substantial risk which deprives him of the minimal civilized measure of life's necessities. Moreover, he has failed to allege that Mr. Gray had a "sufficiently culpable state of mind" amounting to "deliberate indifference" to a "substantial risk of serious harm." At most, the plaintiff has alleged that Mr. Gray was negligent.

I respectfully RECOMMEND that Claim One be dismissed for failure to state a claim upon which relief can be granted insofar as it alleges a violation of the Eighth Amendment.

### C. Claim Two

Claim Two alleges that the defendants violated the plaintiff's Eighth Amendment rights by not properly tending to his medical needs. A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs

7

or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).

The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The Complaint does not allege that Mr. Gray was involved in providing medical care to the plaintiff, nor does it allege that Gray intentionally denied or delayed the plaintiff's access to medical care. To the contrary, the Complaint alleges that the plaintiff was escorted to the medical department after his fall, and that medical personnel were responsible for his care thereafter.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim Two as against Gray.

In addition, the Complaint does not contain any factual allegations from which to infer that Dr. McLaughlin was deliberately indifferent to a serious medical need. The plaintiff alleges that the McLaughlin saw him and examined him more than once after the fall and that he renewed his medications and prescribed an exercise for his back. The plaintiff's allegations that (1)

McLaughlin stated he wanted to have a second doctor evaluate the plaintiff's head injury but he "never received an appointment," and (2) McLaughlin discontinued his medications resulting in tendinitis, without more, are not sufficient to infer that McLaughlin knew of and disregarded an excessive risk to the plaintiff's health.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim Two as against Dr. McLaughlin.

### IV. CONCLUSION

I respectfully RECOMMEND that defendants' Motion to Dismiss be GRANTED and that the Complaint be dismissed in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 7, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge